Mathew K. Higbee, Esq.
UT State Bar No. 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
GAVIN O'NEILL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GAVIN O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY LAB AND LASER LLC; HEATHER GAY, individually; ANDREA ROBINSON, individually; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:23-cv-160<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GAVIN O'NEILL, by and through his undersigned counsel, brings this Complaint against Defendants BEAUTY LAB and LASER LLC; HEATHER GA, individually; ANDREA ROBINSON, individually; and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

1

# PARTIES

2. Plaintiff Gavin O'Neill ("O'Neill") is an individual and professional photographer.

3. Upon information and belief, Defendant Beauty Lab and Laser LLC ("Beauty Lab") is a limited liability company duly organized and existing under the laws of Utah with a business address of 5496 S. 900 East Murray, Utah 84117.

4. Upon information and belief, Defendant Heather Gay ("Gay") is an individual residing in the Utah, and is or was at all relevant times a principal officer, owner, or member of the Defendant business entity named in this Complaint (Beauty Lab).

5. Upon information and belief, Defendant Andrea Robinson ("Robinson") is an individual residing in the Utah, and is or was at all relevant times a principal officer, owner, or member of the Defendant business entity named in this Complaint (Beauty Lab).

6. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this

complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously-named Defendants.

7. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9. This court has personal jurisdiction over Defendants because have a physical presence in the State of Utah and/or Defendants transact business in the State of Utah.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this judicial district, and/or this civil action arises under the Copyright Act of the United States, and Defendants reside in this judicial district.

/ / /

# FACTUAL ALLEGATIONS

## *Plaintiff Gavin O'Neil*

11. O'Neill is a highly successful freelance photographer specializing in hair and beauty photography. He often travels across the globe for his clients as well as personal projects that he funds to build his portfolio. O'Neill's social media following is substantial with over 142,000 followers on his Instagram account, @gavinoneillphoto.

12. O'Neill creates and licenses his work for a fee. His work has been featured in top publications such as *Vogue, Marie Claire, Glamour, Cosmopolitan,* and *GQ*. Additionally, O'Neill's work has been used commercially by brands such as *Gillette, Olay, Garnier, KKW Beauty, L'Oreal, LUX, Rolls Royce*, and many more.

13. O'Neill's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to O'Neill's work deters would-be infringers from copying and profiting from his work without permission.

14. O'Neill is the sole author and exclusive rights holder to three photographs of female models: one photograph of model Janini Milet ("Milet Photograph"); one photograph of Masha Philippova ("Philippova Photograph"); and

4

one photograph of Jovana Prosenik ("Prosenik Photograph) (collectively, the "Photographs").

15. Attached hereto as Exhibit A are true and correct copies of the Milet Photograph; the Philippova Photograph; and the Prosenik Photograph.

16. O'Neill registered the Photographs with the United States Copyright Office. The Milet Photograph is registered under Registration Number VA 2-021-411 with an Effective Date of Registration of October 24, 2016. The Philippova Photograph is registered under Registration Number VA 2-073-723 with an Effective Date of Registration of October 27, 2017. The Prosenik Photograph is registered under Registration Number VA 2-216-005 with an Effective Date of Registration of August 24, 2020.

***Defendants Beauty Lab and Laser, LLC; Heather Gay; and Andrea Robinson***

17. Beauty Lab is the owner and operator of the website https://beautylablaser.com/ ("Beauty Lab Website").

18. According to the Beauty Lab Website, Gay is Beauty Lab's leader and is also an official cast member of the reality show *The Real Housewives of Salt Lake City*. Together, Gay and Robinson wanted to build a cosmetic medical practice with all the best, and it has become a trailblazer offering all the latest and greatest celebrity treatments including: Botox; lip plumping; body sculpting and contouring;

laser scar treatment; chemical peels; teeth whitening; Fat Blaster injections; and vitamin shots.

19. Beauty Lab maintains an Instagram page at https://www.instagram.com/beauty.lab.laser/ under the handle @beauty.lab.laser ("Beauty Lab Instagram Page").

20. Attached as Exhibit B is a true and correct screenshot of the Beauty Lab Instagram Page under the handle @beauty.lab.laser, including a link to the Beauty Lab Website, https://beautylablaser.com/.

21. Beauty Lab maintains a Facebook page at https://www.facebook.com/BeautyLabLaser ("Beauty Lab Facebook Page").

22. Attached as Exhibit C is a true and correct screenshot of the Beauty Lab Facebook Page, including a link to the Beauty Lab Website, https://beautylablaser.com/.

23. Upon information and belief, Beauty Lab generates content on the Beauty Lab Website, the Beauty Lab Instagram Page, and the Beauty Lab Facebook Page to attract user traffic, market and promote its services, and increase its customer base and revenue for the company.

24. At all relevant times, the Beauty Lab Website, the Beauty Lab Instagram Page, and the Beauty Lab Facebook Page were readily accessible to the general public throughout Utah, the United States, and the world.

25. Upon information and belief, Gay and Robinson are, or were at all relevant times, the principal officers, owners, or members of Beauty Lab and had a direct financial interest in the content and activities of the Beauty Lab Website, Beauty Lab Instagram Page, and the Beauty Lab Facebook Page (including the activities alleged in this Complaint).

26. At all relevant times, Defendant Beauty Lab, Defendant Gay, and Defendant Robinson had the ability to supervise and control all content on the Beauty Lab Website, the Beauty Lab Instagram Page, and the Beauty Lab Facebook Page.

27. Upon information and belief, the Defendants named in this Complaint (including Beauty Lab, Gay, and Robinson) were at all relevant times acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other.

***Defendants' Willful Infringing Conduct***

28. On or about July 21, 2022, O'Neill discovered the Milet Photograph being used by Beauty Lab on the Beauty Lab Instagram Page and Beauty Lab Facebook Page to promote and portray potential results of what can be achieved with Beauty Lab's tanning services, as well as to urge its users to book an appointment online.

29.     Attached hereto as Exhibit D are true and correct screenshots of the Milet Photograph as used on the Beauty Lab Instagram Page and the Beauty Facebook Page.

30.     On or about January 12, 2023, O'Neill discovered the Philippova Photograph being used by Beauty Lab on the Beauty Lab Instagram Page in two separate posts. One post promoted $149 Hydrafacial Gift Cards, portrayed potential results of what can be achieved with Beauty Lab's HydraFacial services, and urged its users to book an appointment online. The other post promoted and portrayed potential results of what can be achieved with Beauty Lab's lip plumping services, and also promoted its microneedling services in response to a customer's inquiry about those services.

31.     Attached hereto as Exhibit E are true and correct screenshots of the Philippova Photograph as used on the Beauty Lab Instagram Page.

32.     On or about January 12, 2023, O'Neill discovered the Philippova Photograph being used by Beauty Lab on the Beauty Lab Facebook Page in two separate posts promoting Beauty Lab's online Black Friday special to purchase a $100 Gift Card and receive a $20 Gift Card for free which also provided a link to the website to make the purchase.

33.     Attached hereto as Exhibit F are true and correct screenshots of the Milet Photograph as used on the Beauty Lab Facebook Page.

34. On or about January 12, 2023, O'Neill discovered the Prosenik Photograph being used by Beauty Lab on the Beauty Lab Instagram Page to promote and portray potential results of what can be achieved with Beauty Lab's Vitamin Bar elixir services.

35. Attached hereto as Exhibit G are true and correct screenshots of the Photograph as used on the Beauty Lab Instagram Page.

36. O'Neill did not consent to or authorize Defendants to use or display the Photographs on the Beauty Lab Instagram Page or on the Beauty Lab Facebook Page.

37. In no event did O'Neill offer or provide Defendants with a license to use the Photographs in any manner.

38. O'Neill is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Photographs and caused them to be uploaded to and displayed on the Beauty Lab Instagram Page and on the Beauty Lab Facebook Page.

39. O'Neill is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public O'Neill's original and unique Photographs in order to acquire a direct financial benefit from

the use of the Photographs through revenue from the sales of Beauty Lab's products and services.

40. O'Neill has made several attempts to settle this case prior to the filing of this Complaint.

41. O'Neill is informed and believes and thereon alleges that Defendants willfully infringed upon his rights in his copyrighted Photographs in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license to use the Photographs.

42. On or about February 8, 2023, O'Neill discovered his Philippova Photograph was still being displayed by Defendants on the Beauty Lab Instagram in two separate posts.

43. On or about February 11, 2023, O'Neill discovered his Philippova Photograph was still being displayed and Beauty Lab Facebook Page in two separate posts.

44. Attached hereto as Exhibit H are true and correct screenshots of the Philippova Photograph, taken in Google Incognito mode, as used and displayed on the Beauty Lab Instagram Page, with a date-stamp of February 8, 2023, and on the Beauty Lab Facebook Page, with a date-stamp of February 11, 2023.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

45. O'Neill incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. O'Neill registered the Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a) and owns valid copyrights in the Photographs.

47. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) copied and displayed O'Neill's unique and original Photographs without O'Neill's consent or authorization in violation of 17 U.S.C. § 501.

48. O'Neill is informed and believes and thereon alleges that Defendants willfully infringed upon his rights in his copyrighted Photographs in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license to use the Photographs.

49. In addition, Defendants willfully infringed upon O'Neill's rights because of Defendants' continued use of the Philippova Photograph after O'Neill sent correspondence and communicated to Beauty Lab to immediately cease and desist use of his Photographs.

50. As a result of Defendants violations of Title 17 of the U.S. Code, O'Neill has sustained significant injury and irreparable harm.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory

damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

53. O'Neill is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in his Photographs by copying, displaying, and distributing them without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 3, 2023            Respectfully submitted,

**/s/ Mathew Kidman Higbee**
Mathew Kidman Higbee, Esq.
UT State Bar No. 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbeeassociates.com
*Counsel for Plaintiff*

# **DEMAND FOR JURY TRIAL**

Plaintiff, Gavin O'Neill, hereby demands a trial by jury in the above matter.

Dated: March 3, 2023                    Respectfully submitted,

**/s/ Mathew Kidman Higbee**
Mathew Kidman Higbee, Esq.
UT State Bar No. 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbeeassociates.com
*Counsel for Plaintiff*